# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                       Criminal No. 18-2325-WJ

MARTIN O. MADRID,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION,
## DISMISSING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE, and
## DISMISSING DEFENDANT'S § 2255 MOTION AS UNTIMELY AND WAIVED

**THIS MATTER** comes before the Court upon Defendant's *pro se*[1] Motion for a Sentence Reduction (**Doc. 47**), his *pro se* Motion for a Reduction in Sentence and/or Compassionate Release (**Doc. 49**), Probation's Memorandum of Eligibility (**Doc. 51**), Defendant's Amended[2] Motion for Sentence Reduction (**Doc. 56**), and the United States' Combined Response in Opposition (**Doc. 57**). Although the Court finds Defendant is eligible for a sentence reduction, the requested sentence reduction is **DENIED** and the sentence imposed (**Doc. 44**) on February 26, 2020, remains in effect.

This Memorandum Opinion and Order focuses primarily on the arguments briefed in the counseled Motion (**Doc. 56**). Nevertheless, to the extent Mr. Madrid's *pro se* filings seek a compassionate release, that request is **DISMISSED without prejudice**. To the extent he also collaterally attacks his conviction and sentence under § 2255, that motion is likewise **DISMISSED without prejudice**.

---

[1] The Court construes Mr. Madrid's *pro se* pleadings "liberally," however, the Court does not act as his advocate. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019); *cf. Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).
[2] In this "Amended Motion," Defendant is represented by counsel (**Docs. 53 & 56**).

## BACKGROUND

In April 2018, Mr. Madrid was charged by criminal complaint (**Doc. 1**) with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). Then, in July 2018, he was charged with the same offense in a one-Count Indictment (**Doc. 13**).

It is also important to discuss the origins of this case. In the Complaint, it was alleged that Mr. Madrid kidnapped a female in April 2018—holding her for several days and threatening to shoot her if she left (**Doc. 1 at 3–6**). It was also alleged that Mr. Madrid shot several times at a vehicle in a road-rage drive-by shooting incident. *Id.* **at 6–7**. Fortunately, law enforcement found Mr. Madrid and the victim three days later. *Id.* **at 3–8**. When Mr. Madrid was arrested, he was on federal supervised release from a different criminal case. *See* Case No. 15-cr-1315. He also admitted to receiving the firearm in exchange for drugs (**Doc. 1 at 7**).

A few months later, in August 2018, Mr. Madrid pleaded guilty (**Docs. 18, 19, 21, 22**) without a plea agreement. Prior to sentencing, Probation issued a Presentence Investigation Report ("PSR") which noted the Defendant's Guideline imprisonment range was 100–120 months (**Doc. 23 at 14**). This guideline range was based upon a criminal history category of IV—based upon eight criminal history points—as well as a total offense level of 27. *Id.*

Fast forward to February 21, 2020: Mr. Madrid and the United States entered into a Rule 11(c)(1)(C) plea agreement (**Doc. 43**). Pursuant to this agreement, the Court sentenced Mr. Madrid to "a specific sentence of one hundred (100) months." **Doc. 43 at 5**. This plea agreement also guaranteed that Mr. Madrid's custodial sentence would "run concurrently with any sentence imposed for the defendant's violation of supervised release in United States District Court case number 15-CR-1315." **Doc. 43 at 5**. Finally, Mr. Madrid's plea agreement contained a waiver of appeal rights. *Id.* **at 6**. In this appeal waiver, he agreed to "waive any collateral attack to [his]

convictions and sentence." Mr. Madrid did not appeal—in accordance with this waiver in the plea agreement.

In the years since Mr. Madrid was sentenced, the Guidelines have changed. Relevant here is Amendment 821's change regarding criminal history calculations. Resultant of this change, he no longer meets criteria for "status points." As Probation explains, Mr. Madrid is now a criminal history category III instead of category IV. And his newly calculated advisory guidelines range is now 87–108 months (**Doc. 51 at 1**). As such, he is eligible for a sentence reduction.

In addition to filing motions as to his eligibility for a sentence reduction, Mr. Madrid also requested a compassionate release and collaterally attacked the validity of his conviction (**Doc. 49**). The Court now addresses each argument in turn.

## DISCUSSION

### I. Retroactive Sentence Reduction Under Amendment 821

In the time since Defendant was sentenced, the Sentencing Commission submitted proposed amendments to its guidelines to Congress. 88 Fed. Reg. 28254, 28270 (May 3, 2023). And as of November 1, 2023, those newly amended guidelines took effect. Now pending before the Court are Mr. Madrid's motions (**Docs. 47, 49, 56**) for a reduction of his criminal sentence based on Amendment 821. *See* U.S. SENT'G GUIDELINES MANUAL AMEND. 821; *see also* 18 U.S.C. § 3582(c)(2); USSG § 1B1.10; 28 U.S.C. § 994(o).

#### A. *Law governing sentence modification*

After a judgment of conviction is entered, a court is typically unable to modify a sentence. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). But retroactive Guideline amendments are a statutorily authorized exception to the rule. 18 U.S.C. § 3582(c); *see also United States v. Price*, 44 F.4th 1288, 1294 (10th Cir.

2022) (noting "retroactive Guideline amendments" are a valid statutory reason to modify a sentence). Amendment 821 is retroactive.

**B.** *Two-step framework*

Before granting or denying a sentence reduction based on a retroactive Guideline amendment, the Court must engage in a two-step process. As the *Dillon* Court explained:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized . . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827. In step one, the eligibility determination is objective. A prisoner either is or is not eligible. But at step two, the Court is vested with "nearly unfettered discretion." *United States v. Broadway*, 1 F.4th 1206, 1210 (10th Cir. 2021). The Court's decision to grant or deny a sentence reduction for an eligible prisoner is based—like the original sentence—on a balancing of the § 3553(a) factors. Thus, courts are afforded substantial latitude.

**1. <u>Defendant's eligibility</u>**

Mr. Madrid requests a sentence reduction[3] from 100 months to 87 months (**Doc. 56 at 2**). Probation agrees that he is eligible (**Doc. 51**). Likewise, the United States concedes that Defendant meets the threshold of being eligible for a reduction in sentence. **Doc. 57 at 19–22**.

On this undisputed point, the Court agrees. At his original sentencing, Mr. Madrid's advisory guidelines range was 100–120 months (**Doc. 23 at 14**). His total offense level was 27.

---

[3] In his first *pro se* motion for a sentence reduction, Mr. Madrid does not request a specific reduction in his sentence (**Doc. 47**). In his second *pro se* motion, however, he asks for "time served" and a "sentence reduction of 18 months." **Doc. 49 at 24–25**. This request is categorically disallowed because it is a sentence below the low end of his newly calculated advisory guidelines sentence. *See* USSG § 1B1.10(b)(2)(A) (explaining that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range").

This has not changed. What has changed, however, is his criminal history category. Back then, Mr. Madrid had a criminal history score of eight (**Doc. 23 at 8**). Six points came from convictions and two additional points were added under the old USSG § 4A1.1(d). *Id.* **at ¶¶ 32–34**. But Amendment 821 struck subsection (d). Given this change, Mr. Madrid no longer receives two additional points under USSG § 4A1.1. Accordingly, his new criminal history score is six which places him in category III. Based upon a total offense level of 27 and a criminal history category of III, Mr. Madrid's new guideline imprisonment range is 87–108 months (**Docs. 51 & 56**).

Because the Court determined Mr. Madrid is eligible for a reduced sentence, the Court now evaluates whether the reduced sentence is appropriate.

### 2. Section 3553(a) factors

Despite clearing the eligibility hurdle, the United States argues a sentence reduction is inappropriate for numerous reasons (**Doc. 57 at 19–24**). Upon review of the Section 3553(a) factors, the Court agrees.

First, it is worth noting that a court can "consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is appropriate." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also United States v. Cota-Medina*, 2022 U.S. App. LEXIS 8636, at *4 (10th Cir. Mar. 31, 2022) (unpublished) (same). On this point, the Court need only look to original sentencing range (**Doc. 23 at ¶ 64**). Absent the Rule 11(c)(1)(C) plea agreement to a specific sentence of 100 months, Mr. Madrid could have received up to twenty more months in custody. Likewise, Mr. Madrid received a three-point reduction in offense level for acceptance of responsibility. *See* **Doc. 23 at 6** (citing USSG §§ 3E1.1(a), (b) for the reductions). Finally, the plea agreement ensured that Mr. Madrid's custodial sentence would "run concurrently with any sentence imposed for the defendant's violation of supervised release" in case number

15-CR-1315 (**Doc. 43 at 5**). In part, these benefits inform the Court's decision to deny the requested sentence reduction.

Next, the Court is troubled by Mr. Madrid's post-sentencing conduct. *See* USSG § 1B1.10, cmt. n.1(B)(iii); **Doc. 57 at 23**. He has incurred five disciplinary infractions while in custody for: (1) not obeying an order, (2) assaulting another inmate, and (3) refusing a work/program assignment on three occasions (**Doc. 51 at 1**). These infractions can and should be considered. *See United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012) ("the presence of prison disciplinary reports . . . is a proper basis for denying a motion under § 3582(c)(2)."); *United States v. Verduzco*, 677 F. App'x 486, 487 (10th Cir. 2017) (unpublished) (stating the district court correctly looked to Defendant's record of disciplinary infractions when denying a motion for sentence reduction). The Court finds Mr. Madrid's repeated infractions reflect a lack of respect for the law. His post-sentencing conduct further supports the denial of his motion for sentence reduction. 18 U.S.C. § 3553(a)(2), (5).

In much the same way, Mr. Madrid's three convictions relating to firearms possession (**Doc. 57 at 22**) demonstrate a serious danger to the community. His behavior gives rise to a public safety consideration. *See* USSG § 1B1.10, cmt. n.1(B)(ii). Having carefully considered the parties' positions and the relevant § 3553(a) factors, the Court believes that a sentence reduction is not warranted here. Mr. Madrid's underlying conviction contained several aggravating factors—such as the alleged kidnapping, assault with a deadly weapon, drug-dealing interactions, and road-rage shooting.[4] Thus, the § 3553(a) factors still support the 100-month sentence, despite Mr. Madrid's eligibility under Amendment 821.

---

[4] These aggravating factors (alleged kidnapping, assault with a deadly weapon, drug-dealing interactions and a road-rage shooting) clearly supported a sentence above the original 100 month sentence.

Although the Defendant is eligible, the Court is under no legal obligation to reduce the original sentence. When, as here, a Defendant: (1) benefitted from a Rule 11(c)(1)(C) plea agreement to a specific sentence at the low end of the Guidelines, (2) has "demonstrated a pattern of unlawfully possessing firearms," **Doc. 57 at 22**, and (3) has incurred repeated disciplinary infractions while in custody, the Court finds that a sentence reduction would undermine the goals of sentencing. Mr. Madrid's request for a sentence reduction from 100 months to 87 months imprisonment (**Doc. 56 at 2**) is denied.

## II. Compassionate Release Standard

As a threshold matter, a prisoner seeking compassionate release must have satisfied § 3582's administrative exhaustion requirement. But this exhaustion requirement is not jurisdictional—rather, it is a claim-processing rule. This means a Court can address the merits even if exhaustion is not established. *See generally United States v. Purify*, 2021 U.S. App. LEXIS 35783 (10th Cir. Dec. 3, 2021) (unpublished).

Then, after reviewing for administrative exhaustion, a district court may grant a motion for compassionate release if three requirements are met: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the Court considers the § 3553(a) factors, to the extent they are applicable. The Court may deny a compassionate release motion based on lack of any of the three prerequisites listed in § 3582(c)(1)(A) and does not need to address the others. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 n.4 (10th Cir. 2021).

Put another way, granting a motion for compassionate release requires the district court to "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting

*McGee*, 992 F.3d at 1043). But a court "may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

### A. *Defendant Madrid has not exhausted his administrative rights*

Under Section 3582, a court may modify a term of imprisonment "upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. This exhaustion requirement is a mandatory "claim-processing rule," meaning a district court must enforce it when invoked. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021). But this enforcement may be waived or forfeited—if the United States fails to invoke it.

Here, the record is wholly lacking any indicia of administrative remedies taken by Mr. Madrid. The United States highlights that there is "no documentation of exhaustion." (**Doc. 57 at 6**). In fact, the United States proffered that the Bureau of Prisons "confirmed . . . no request for a sentence reduction has been submitted to the Warden." *Id.*; **Doc. 57-1**.

The United States' invocation of Mr. Madrid's failure to exhaust means Section 3582(c)(1)(A)'s mandatory claim-processing rule takes effect. Because Mr. Madrid has not shown that he has exhausted—let alone initiated—his administrative rights, the Court dismisses[5] the motion. *See Hemmelgarn*, 15 F.4th at 1031.

---

[5] Recent Tenth Circuit decisions indicate that a district court may deny a compassionate release motion—rather than dismiss it. Here, the Court dismisses Mr. Madrid's § 3582(c)(1)(A) motion because the United States properly invoked the exhaustion requirement. At the same time, however, if the Court were to proceed on the merits—as discussed *supra* ¶ II.B.—then the motion would be denied.
    *See, e.g., United States v. Gieswein*, 2021 U.S. App. LEXIS 31302 (10th Cir. Oct. 19, 2021) (unpublished) (affirming district court's denial of compassionate release for failure to exhaust); *United States v. Acey*, 2022 U.S. App. LEXIS 16638 (10th Cir. June 16, 2022) (unpublished) (same); *United States v. Tafoya*, 2023 U.S. App. LEXIS

## B. *Absence of extraordinary and compelling reasons*

Given the lack of exhaustion, the Court need not address the merits of Mr. Madrid's motion. But given the parties' briefing on the merits, the Court finds it prudent to explain that even if Mr. Madrid had properly exhausted his administrative remedies, he has nevertheless failed to show extraordinary and compelling reasons justifying a compassionate release.

Under now-outdated Tenth Circuit precedent, USSG § 1B1.13 was "applicable only to motions filed by the Director of the [Bureau of Prisons], and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 837. There, the Tenth Circuit concluded that even though the section provides "the best definition and description of extraordinary and compelling reasons," it is not controlling. *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished); *see McGee*, 992 F.3d at 1050. But, importantly, these decisions were issued prior to the Sentencing Commission's 2023 update to its policy statement concerning compassionate release. *See United States v. Molina*, 2024 U.S. App. LEXIS 6371, at *3 (10th Cir. Mar. 18, 2024) (unpublished); U.S. SENT'G COMM'N, GUIDELINES MANUAL (Nov. 2023); *cf.* USSG § 1B1.13.

After this update, there are six listed categories of extraordinary and compelling reasons. And those justifications can be filed in motions by the Bureau of Prisons or the prisoner. *See* USSG §§ 1B1.13(b)(1)–(6). These categories, generally speaking, are: (1) medical circumstances, (2) old age of the Defendant, (3) death or incapacitation in Defendant's family, (4) abuse by a correctional officer, (5) "other reasons" that are "similar in gravity" to the first four, and (6) if a Defendant received "an unusually long sentence and has served at least 10 years of the term of imprisonment."

---

17472 (10th Cir. July 11, 2023) (unpublished) (same); *United States v. Thomas*, 2023 U.S. App. LEXIS 18868 (10th Cir. July 25, 2023) (unpublished) (affirming denial in part and dismissal in part); *United States v. Crosby*, 2023 U.S. App. LEXIS 20019 (10th Cir. Aug. 3, 2023) (unpublished) (affirming district court's denial of compassionate release for failure to exhaust); *cf. Hemmelgarn*, 15 F.4th at 1030–31 (noting that failure to exhaust is not jurisdictional).

*Id.* Thus, it is through this lens that the Court evaluates Mr. Madrid's reasons warranting the compassionate release.

Here, Mr. Madrid asserts that "significant changes in his family circumstances" amount to extraordinary and compelling circumstances (**Doc. 49 at 6–8**). But compassionate release for family conditions is to be treated as a rare event. *United States v. Crespin*, 2023 U.S. Dist. LEXIS 114814, at *10–13, -- F. Supp. 3d -- (D.N.M. 2023) (Johnson, C.J.); *cf.* USSG § 1B1.13(b)(3). Essentially, "death or incapacitation" is required. Here, Mr. Madrid does not allege death or incapacitation—instead, he explains that his wife (the children's guardian but non-birth mother) "was not expecting to assume the role of primary caretaker." **Doc. 49 at 6**. As the United States points out: this is not extraordinary and compelling (**Doc. 57 at 8–9**). Nor is Mr. Madrid's assertion that "it is in the best interest of his children to have their biological father actively involved in their upbringing." *Id.* Although the Court is sympathetic to these challenges, familial hardships are typically the result of criminal conduct. Without more, the care of minor children is not an extraordinary and compelling reason to justify a compassionate release. *See United States v. Gorski*, 2023 U.S. App. LEXIS 17464, at *7 n.3 (10th Cir. July 11, 2023) (unpublished). "[D]isruption of defendant's life, and the concomitant difficulties for those who depend on defendant, are inherent in the punishment of incarceration." *United States v. Mendoza-Contreras*, 2023 U.S. App. LEXIS 7530, at *4 (10th Cir. Mar. 30, 2023) (unpublished) (affirming district court's denial of request for compassionate release).

Mr. Madrid offers a second reason in justification of his compassionate release request—a rough childhood. The Court is not, however, persuaded that Mr. Madrid's "troubled upbringing" is an extraordinary and compelling reason to justify a compassionate release (**Doc. 49 at 21–23; Doc. 57 at 12–13**). These factors were already considered and included in Defendant's Pre-

Sentence Report (**Doc. 23 at ¶¶ 41–45**). The sentence imposed was the result of a Rule 11(c)(1)(C) with a specific sentence of 100 months—so his difficult childhood circumstances were already taken into consideration at the time of sentencing. Moreover, in this Court's view, a difficult or troubled upbringing does not rise to the type of "extraordinary and compelling circumstance" that warrants release under USSG § 1B1.13(b)(5).

Finally, Mr. Madrid also asserts that prison conditions during COVID-19 support a sentence reduction (**Doc. 49 at 10**). In the half-page of the motion dedicated to COVID-19, Mr. Madrid posits that being confined in a prison during the coronavirus pandemic constitutes an extraordinary and compelling reason for compassionate release. Yet the record demonstrates no medical conditions that would render him especially at risk (**Doc. 57 at 10**). The United States counters that "the mere existence of COVID-19 cannot alone provide a basis for" compassionate release or a sentence reduction. *Id.* The Tenth Circuit has echoed this exact language—noting that if COVID-19 was a standalone reason, then every prisoner would be entitled to reduced sentences based on the pandemic. But, of course, this is not true. *See United States v. Warren*, 22 F.4th 917, 929 (10th Cir. 2022).

All this to say, even if Mr. Madrid had exhausted his administrative remedies, the Court would—in its "substantial discretion"—deny his request for a compassionate release. *Hald*, 8 F.4th at 938 n.4. The seriousness of his underlying conviction, his lack of respect for the law, the need to deter future misconduct, and his post-sentencing conduct outweigh Mr. Madrid's compassionate release justifications listed in the Motion. Put another way, even if the United States had not invoked the claim-processing rule, the Court still would **not** find Mr. Madrid's reasons to be (1) extraordinary and compelling, or (2) consistent with applicable policy statements. And, as U.S.

Circuit Judge Frank Easterbrook stated, "one good reason for denying a motion [for compassionate release] is enough." *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

### III. Defendant's Collateral Attack on His Conviction is Untimely and Waived

It appears Mr. Madrid's compassionate release motion also challenges the validity of his § 922(g) conviction under *Bruen*[6] (**Doc. 49 at 12–20**). This collateral attack requires the Court to treat his § 3582 motion as if it were filed under § 2255. *See United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023), *cert. docketed*, No. 23-6384 (U.S. Dec. 26, 2023).

But, as mentioned above, Mr. Madrid waived both: (1) his right to appeal, and (2) his right to collaterally attack his conviction and sentence (**Doc. 43 at 6**); *see United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). In the Court's opinion, his § 2255 motion does "not present a close question." *United States v. Amado*, 841 F.3d 867, 869–70 (10th Cir. 2016). Defendant expressly—both in writing and orally—waived his right to appeal or collaterally attack the conviction and sentence. Fed. R. Crim. P. 11(b)(1)(N). Both "the text of the plea agreement and the plea colloquy" make this clear. *United States v. Edgar*, 348 F.3d 867, 872 (10th Cir. 2003) (cleaned up); *see* **Doc. 42** (noting Mr. Madrid "waived appeal rights per plea agreement" and that the "full detail plea agreement" was reviewed in open court).

Here, the judgment and sentence became final on February 27, 2020, the day after this Court entered the Judgment (**Doc. 43**)—well over three years before he filed his motion (**Doc. 49**).

---

[6] *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

On this point, the Tenth Circuit has decided—and repeated—that *Bruen* did not overrule precedent. Thus, even post-*Bruen*, § 922(g)(1) is constitutional. *See Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) (reaffirming *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)). *See also United States v. Swan*, 91 F.4th 1052, 1059 n.7 (10th Cir. 2024); *United States v. Spellman*, 2023 U.S. App. LEXIS 22317 (10th Cir. Aug. 24, 2023) (unpublished) (enforcing the appeal waiver in the plea agreement against a *Bruen* challenge to Defendant's § 922(g)(1) conviction); *United States v. Farris*, 2024 U.S. App. LEXIS 959 (10th Cir. Jan. 16, 2024) (unpublished) (same); *United States v. Willis*, 2024 U.S. App. LEXIS 4740 (10th Cir. Feb. 29, 2024) (unpublished) (same); *United States v. Talbot*, 2024 U.S. App. LEXIS 11086 (10th Cir. May 7, 2024) (unpublished) (same); *United States v. Rosado*, 2024 U.S. App. LEXIS 11295 (10th Cir. May 9, 2024) (unpublished) (explaining that *Bruen* did not abrogate circuit precedent regarding the constitutionality of "the ban on convicted felons' possession of firearms").

Because Mr. Madrid did not address the issue of timeliness under § 2255(f), the Court does not have jurisdiction to reach the merits.

It is readily apparent that Mr. Madrid's motion is untimely under § 2255's one-year statute of limitations. *See United States v. Montoya-Gonzalez*, 599 F. App'x 351 (10th Cir. 2015) (unpublished) (citing Section 2255(f)'s "one-year statute of limitations"). But even if the Court could reach the merits, it is undisputed that he knowingly and voluntarily waived his right to file a § 2255 motion attacking his conviction (**Doc. 43**). Accordingly, upon review of the record, the Court concludes that Mr. Madris's right to file a collateral attack was waived and enforcing that waiver would not result in a miscarriage of justice. In the same vein, no evidentiary hearing is required when the record conclusively shows a prisoner is entitled to no relief. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988); 28 U.S.C. § 2255(b).

Finally, there can be no debate among reasonable jurists as to the Court's conclusions—*i.e.*, (1) that Mr. Madrid's § 2255 motion is untimely, and (2) he waived his right to collaterally attack his conviction or sentence—therefore, a certificate of appealability shall be denied.

In summary, it "plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," therefore the Court "must dismiss" the motion. *See* Habeas Corpus Rule 4(b). Mr. Madrid's § 2255 petition shall be dismissed and a certificate of appealability shall be denied under Habeas Corpus Rule 11—as this Memorandum Opinion and Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. Additional Grievances

Mr. Madrid also alleges Eighth Amendment violations based on the "harsh nature"[7] of his incarceration. **Doc. 49 at 10–12**. But a challenge to the conditions of confinement requires a civil rights action—not a compassionate release motion, a sentence reduction motion, or a habeas corpus petition. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

Lastly, the Court finds it necessary to explain away one other issue raised by Defendant. Mr. Madrid contends that during sentencing the Court used some "dismissed" criminal actions to enhance his sentence (**Doc. 49 at 4 & 20–21**). As explained above, this is patently incorrect. Defendant entered into a Rule 11(c)(1)(C) plea agreement for a specific sentence of 100 months (**Doc. 43**). That specific sentence was the low end of the correctly calculated guidelines (**Doc. 23 at ¶¶ 63–64**). No objections to the PSR were filed (**Doc. 42**). And the PSR's criminal history was calculated based upon convictions from two[8] criminal cases plus two additional criminal history points were added for committing the underlying offense while under a criminal justice sentence. *See* USSG § 4A1.1(d); **Doc. 23 at ¶¶ 30–34**. Although the Court is unclear which of Mr. Madrid's arguments this statement was linked to (*i.e.*, sentence reduction, compassionate release, or § 2255), that is of little import—as the Court finds it both incorrect and without merit. *See United States v. Gattas*, 862 F.2d 1432 (10th Cir. 1988) (finding that "alleged errors" in the PSR can be brought

---

[7] Habeas petitions are used to attack the validity or execution of a sentence—they are not, however, civil rights actions where prisoners may litigate allegedly abusive prison conditions. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Any such challenge—based upon the conditions of confinement—must be brought pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

    The Court also points out that a recent case from the Tenth Circuit places the viability of a *Bivens* claim in question. *See Mohamed v. Jones*, 2024 U.S. App. LEXIS 11089, -- F.4th -- (10th Cir. May 7, 2024) (Tymkovich, J., dissenting) (concluding "*Bivens* claims are no longer judicially cognizable").

[8] The first criminal case was out of the Fifth Judicial District Court, County of Eddy, State of New Mexico. In this case, number D503CR200800085, Mr. Madrid was assigned three (3) criminal history points. The second case is a United States District Court case out of Las Cruces—case number 15-cr-1315. The convictions in this second case also resulted in Mr. Madrid received three (3) criminal history points.

under § 2255); *United States v. Brumley*, 753 F. App'x 594 (10th Cir. 2018) (unpublished). There was no "enhanced sentence" based upon "dismissed charges." **Doc. 49 at 20**.

Because Mr. Madrid filed several motions *pro se*, the Court provided him with the benefit of the doubt—and construed each of his arguments liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). But even so, no relief is warranted in these filings. For the former, a civil rights lawsuit is the appropriate vehicle. For the latter, Mr. Madrid either: (1) waived or forfeited these objections to the Pre-Sentence Report, (2) waived his appeal rights, (3) waived his right to collaterally attack the conviction and sentence, or (4) unconvincingly—and inaccurately—explained how "dismissed charges" or an "enhanced sentence" support his compassionate release or sentence reduction. In essence, the Court denies, or alternatively dismisses, whatever requested relief these two lines of argument support.

## CONCLUSION

The Court finds that the Section 3553(a) factors weigh heavily against a sentence reduction under Amendment 821. The originally imposed sentence is necessary to deter future criminal conduct, promote respect for the law, and protect the public from future crimes.

**IT IS HEREBY ORDERED** that:

(1) Mr. Madrid's Motions for a Sentence Reduction (**Docs. 47, 49, 56**) are **DENIED**, and the sentence imposed (**Doc. 44**) on February 26, 2020, remains in effect.

(2) Defendant's Motion for Compassionate Release (**Doc. 49**) is **DISMISSED without prejudice**.

(3) To the extent Defendant's motion (**Doc. 49**) can be construed as raising a habeas claim under § 2255, that motion is **DISMISSED without prejudice** as untimely and the collateral attack

waiver contained in the plea agreement is enforced. Finally, a certificate of appealability as to the ruling on the § 2255 motion is **DENIED**.

       **IT IS SO ORDERED**.


                         /s/
                    WILLIAM P. JOHNSON
                    CHIEF UNITED STATES DISTRICT JUDGE